UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRIAN D'ALFONSO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-1971 (RBW) |
| ERIC HOLDER, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

The plaintiff, a federal prisoner, filed this pro se complaint in forma pauperis. Pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"), as codified at 28 U.S.C. § 1915 (2006), the Court issued an order assessing the plaintiff an initial partial filing fee of $87.25 and obligating the plaintiff to pay by monthly installments the balance of the $350 district court filing fee for a civil action. *See* Order (Oct. 20, 2009). The plaintiff now moves to have this Court clarify and modify that order. The motion will be denied.

In addition to this case, the plaintiff filed another civil action in federal court, incurring an obligation to pay the filing fees in that case. *See* Motion to Clarify/Modify District Court Order ("Mot.") at 2. The plaintiff asks the Court to "[i]nstruct [Bureau of Prisons ("BOP")] officials to combine both PLRA payments into ONE 20% assessment and to split that assessment in half, by applying 50% to [another action] and the other half to [this action]," or to suspend the payments due for this action until the payments in plaintiff's other action are satisfied. *Id.* at 4. Stated differently, the plaintiff asks this Court to allow him to pay only 10 percent of the balance in his

account toward the filing fee incurred in this case, or to suspend payment of the balance of the filing fee in this case until he has completed payment of the filing fee in the other case he filed.[1]

Under the filing fee requirements of the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, a prisoner may be permitted to pay the full amount of the filing fee in installments in the following manner prescribed by the statute, which provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). In essence, the plaintiff's motion asks the Court to construe the statute's 20 percent figure as a cap on a prisoner's monthly installment payment of all aggregated outstanding filing fees.

"If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *Russello v. United States*, 464 U.S. 16, 20 (1983) (internal quotation marks omitted). While § 1915(b)(2) does not directly address the issue the plaintiff raises, its text lends scant support to the construction he requests. It is devoid of any reference to a cap or to an aggregated amount of fees incurred. The first sentence — which contains the 20 percent provision — is drafted in the

---

[1] The plaintiff also asks the Court to "[c]larify the amount of the statutory filing fee to BOP officials." Mot. at 4. The Court's order states that "the Court finds that plaintiff is required to pay the entire statutory filing fee of $350.00," and no clarification on that point is required. Order (Oct. 20, 2009). The plaintiff also asks the Court to order the BOP to correct the alleged accounting errors. Mot. at 3-4. The Court declines to issue an order to the BOP, which is a non-party to this action.

singular and refers to "the initial partial filing fee." It is only the second sentence — which identifies the forwarding agent and the $10 minimum — that implicates the plural, "fees." Nothing in the statute's text supports a construction that the 20 percent operates as a cap or applies to an aggregated amount of fees. Nor does the statute's text permit either a court or the BOP effectively to halve or to delay further the satisfaction of the debt incurred by filing a civil action, a debt which arises at the time of filing. *See In re Smith,* 114 F.3d 1247, 1251 (D.C. Cir. 1997) (stating that the obligation to pay the filing fee arises at the time the prisoner files the action).

Although the District of Columbia Circuit has not addressed the precise issue raised here, this Court has taken the position adopted by the majority of the circuit courts of appeal that have addressed the question, and has determined that the statute's 20 percent rule applies per case filed, not per prisoner. *Keys v. Dep't of Homeland Sec.,* Civil Action 08-0726 (ESH) slip. op. at 2-4 (D.D.C. Sept. 29, 2009) (citing circuit decisions and applying the 20 percent rule on a per case basis); *see Atchison v. Collins*, 288 F.3d 177, 180 (5th Cir. 2002) ("We hold that the language of § 1915(b)(2) is unambiguous and mandates that prisoners pay twenty percent of their monthly income for each case filed."); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998) ("Because the PLRA fee provisions were designed to require prisoners to bear financial responsibility for each action they take, the twenty-percent rule should be applied per case.") (citing *Newlin v. Helman*, 123 F.3d 429 (7th Cir.1997), *cert. denied*, 552 U.S. 1054 (1998), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000)); *but see Whitfield v. Scully,* 241 F.3d 264, 277 (2d Cir. 2001) (inferring a 20 percent cap that "requires

the recoupment of multiple encumbrances in sequential fashion at a constant rate of 20 percent of monthly receipts to the prisoner's account"). Accordingly, it is hereby

ORDERED that the plaintiff's motion to clarify and/or modify [14] is DENIED.

Date:  February 22, 2010

/s/
REGGIE B. WALTON
United States District Judge